Zachary Nightingale (California Bar #184501)
Stacey Gartland (California Bar #184694)
Kelsey Morales (California Bar #312362)
Van Der Hout, Brigagliano, & Nightingale, LLP
180 Sutter Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003

Attorneys for Plaintiff
ZUORA INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZUORA INC.,

    Plaintiff,

    v.

Kathy A. BARAN, in her Official Capacity, Director of the California Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security;

L. Francis CISSNA, in his Official Capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; and

Kirstjen NIELSEN, in her Official Capacity, Secretary, U.S. Department of Homeland Security

    Defendants.

Case No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT**

<u>Immigration Case, Administrative Procedure Act Case</u>

Complaint                                                              Case No._____

# INTRODUCTION

1. This action asks the court to enter declaratory and injunctive relief against Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS") based on its improper denial of the Petition for a Nonimmigrant Worker (Form I-129), otherwise known as an H-1B visa petition, filed by ZUORA INC. on behalf of their employee Mr. Anuj Gupta.

2. Founded in 2007, Zuora is an enterprise software company with its headquarters located in San Mateo, California. On September 1, 2017, Zuora filed an H-1B visa petition on behalf of Mr. Gupta in order to employ him in the specialty occupation of Senior Technical Consultant (Computer Systems Analyst). Pursuant to the Immigration and Nationality Act, a United States employer may sponsor a qualified noncitizen to temporarily "perform services… in a specialty occupation." 8 U.S.C. §§ 1101(a)(15)(H)(i)(b); 1184(c). Employers sponsor qualified noncitizens by submitting Form I-129, an H-1B visa petition, with USCIS. Since Mr. Gupta was in H-1B status upon the filing of Zuora's petition, he was able to begin working at Zuora as a Senior Technical Consultant while USCIS adjudicated the petition, which he did.

3. In the position of Senior Technical Consultant, Mr. Gupta develops Zuora's in-house proprietary software applications and adapts them to Zuora's clients' needs, using object-oriented technologies. In particular, Mr. Gupta is responsible for the smooth implementation of Zuora for Salesforce ("ZASF"), Zuora's proprietary billing product at the offices of their client, S&P Global Inc. In support of the initial visa petition and then in response to USCIS's request for evidence, Zuora submitted substantial documentation, including, *inter alia*, letters from Kathleen Grimes, Zuora's human resource manager, a detailed job description listing all the duties and responsibilities associated with the position, an expert letter confirming that an individual fulfilling the duties of Senior Technical Consultant must have a Bachelor's degree in Computer Science, Computer Engineering, or a related field to be minimally qualified, and evidence of Mr. Gupta's educational qualifications, including a copy of his Master of Information Systems Management degree from Carnegie Mellon.

4. On March 19, 2018, USCIS denied Zuora's H-1B visa petition. The agency mischaracterized Zuora as a consulting agency that places individuals with firms to complete

their computer-related projects. Based on their fundamental mischaracterization of Zuora as a consulting agency, USCIS erroneous ignored relevant evidence and found the record was insufficient to establish that the position of Senior Technical Consultant qualifies as a specialty occupation and that Mr. Gupta would perform services in a specialty occupation.

5. USCIS's denial of Zuora's H-1B petition is fundamentally flawed. It ignores critical evidence in the record, it is replete with factual errors, and it misapplies the applicable law. Such errors are contrary to the requirements for lawful adjudication under the Administrative Procedures Act ("APA") and require remedy by this Court. It is vital that USCIS's erroneous determination in this case be rectified not just for Zuora and its prospective employee Mr. Gupta, but also because the issue is fundamental to the proper adjudication of the H-1B temporary worker visa program, as more than 65% of the H-1B petitions approved during the 2015 and 2016 Fiscal Years were for computer related occupations.[1] Left unchecked by judicial review, USCIS can continue to erratically and erroneously deny such applications, contrary to governing immigration law and the APA.

**JURISDICTION**

6. The Court has jurisdiction over the present action pursuant to 8 U.S.C. § 1329, Immigration and Nationality Act jurisdiction; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

7. Plaintiff may seek judicial review upon denial of its visa petition without any further administrative appeal. *See EG Enterprises, Inc. v. Dep't of Homeland Sec.*, 467 F. Supp. 2d 728, 733 (E.D. Mich. 2006) (exercising jurisdiction upon finding plaintiff was not required to appeal the denial of its H-1B visa petition to the Administrative Appeals Office prior to filing suit; noting USCIS concurrence); *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997) (petitioner was not required to appeal her visa revocation to the Board of Immigration Appeals prior to seeking review in district court).

---

[1] *See* Department of Homeland Security, "Characteristics of H1-B Specialty Occupation Workers," (May 5, 2017) 13 *available at* https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/H-1B/h-1B-FY16.pdf

Complaint                                                   2                              Case. No. _____

## VENUE

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in, and Plaintiff is located in and principally conducts business in, the Northern District of California; and there is no real property involved in this action.

## INTRADISTRICT ASSIGNMENT

9. This action should be assigned to the San Francisco Division because Plaintiff is located in and principally conducts business in San Mateo, CA. *See* Local Rules 3-2(c), (d).

## PARTIES

**Plaintiff**

10. ZUORA INC., is an enterprise software company that designs and sells Software-as-a-Service ("SaaS") applications for companies with a subscription based business model. Zuora's headquarters are located in San Mateo, CA, with satellite offices throughout North America, Europe, China, India, Japan, and Australia. On March 19, 2018, USCIS denied Zuora's Form I-129 Petition for a Nonimmigrant Worker filed on behalf of beneficiary Mr. Anuj Gupta.

**Defendants**

11. Defendant Kathy A. BARAN is the director of the California Service Center. Among other things, the California Service Center is responsible for adjudicating visa petitions, such as the H-1B visa petition filed by Zuora.

12. L. Francis CISSNA is the Director of U.S. Citizenship and Immigration Services ("USCIS"). As the Director, Defendant Cissna has been delegated the authority to direct the administration of USCIS, and to enforce the Immigration and Nationality Act ("INA") and all other laws relating to the immigration of non-citizens. Defendant Cissna is responsible for USCIS' policies, practices, and procedures, and oversees the USCIS officers responsible for adjudicating Plaintiff's H-1B visa petition.

1   13. Defendant Kirstjen NIELSEN is the Secretary of the Department of Homeland Security ("DHS"). DHS is the federal agency encompassing USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration of non-citizens. In her official capacity as Director, Defendant Nielsen has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); *see also* 8 U.S.C. § 1103(a).

14. All individual Defendants are sued in their official capacities only.

## LEGAL BACKROUND

15. A United States employer may file an H-1B visa petition on behalf of a non-citizen worker. 8 U.S.C. § 1184(c). Regulations define the term "United States employer" to mean "a person, firm, corporation, contractor, or other association, or organization in the United States which:

(1) Engages a person to work within the United States;

(2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee; and

(3) Has an Internal Revenue Service Tax identification number.

8 C.F.R. § 214.2(h)(4)(ii).

16. An H-1B nonimmigrant employment visa allows a non-citizen to obtain temporary admission to the United States to "perform services … in a specialty occupation." 8 U.S.C. §1101(a)(15)(H)(i)(b). A specialty occupation requires:

(A) theoretical and practical application of a body of highly specialized knowledge, and

(B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

8 U.S.C. § 1184(i)(1). To qualify as a specialty occupation, the position must meet *one* of the following criteria:

  (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

  (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

  (3) The employer normally requires a degree or its equivalent for the position; or

  (4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

17. If a beneficiary of an H-1B petition is going to be performing services or training at multiple work locations, 8 C.F.R. § 214.2(h)(2)(i)(B) requires that the petition include an "itinerary with the dates and locations of the services or training" to be filed with USCIS.

18. Under 8 C.F.R. § 214.2(h)(2)(i)(H), an individual in H-1B nonimmigrant status is authorized to start new employment upon the filing of a nonfrivolous H-1B petition on their behalf. Pursuant to this regulation, an individual in H-1B nonimmigrant status retains work authorization and status pending the adjudication of the H-1B petition filed by their new employer. *See* 8 C.F.R. § 214.2(h)(2)(i)(H)(2). If USCIS denies the H-1B petition filed by the new employer, the beneficiary will immediately be without work authorization and status.

## FACTUAL ALLEGATIONS

19. Plaintiff Zuora is an enterprise software company with its headquarters located in San Mateo, California and satellite offices throughout North America, Europe, China, India, Japan, and Australia. *See* Declaration of Stacey Gartland in Support of Complaint ("SG Dec.") at 2. Zuora designs and sells Software-as-a-Service ("SaaS") applications for companies with a subscription based business model and provides a suite of commerce, billing, and finance applications that lead the way for businesses to move successfully to the subscription economy.

20. On September 1, 2017, Zuora filed a Form I-129 Petition for Nonimmigrant Worker on behalf of Mr. Gupta in order to employ Mr. Gupta, a citizen and national of India, in the position

Complaint          5          Case. No. _____

of Senior Technical Consultant. SG Dec. at 3. In the position of Senior Technical Consultant, Mr. Gupta would be employed and paid by Zuora. *Id.* He would work from a Zuora office located in New York, New York and also work at a home office in New Jersey and from the offices of S&P Global Inc., a Zuora client, located in New York, New York. He would be directly supervised and managed by Bhupinder Hayer, a Director of Global Services at Zuora. As part of his job duties, he would be responsible for developing Zuora's in-house proprietary software applications and adapting them to Zuora's clients' needs, using object-oriented technologies. In particular, Mr. Gupta is responsible for the smooth implementation of Zuora for Salesforce ("ZASF"), Zuora's proprietary billing product at the offices of their client, S&P Global Inc. *See also* SG Dec. at 3. In support of its petition, Zuora provided a letter describing the position offered and the associated job duties and responsibilities, among other documents. SG Dec. at 3. In addition, Zuora submitted evidence establishing that Mr. Gupta is more than qualified for the position of Senior Technical Consultant. *Id.* For example, Zuora submitted a copy of Mr. Gupta's Master of Information Systems Management degree from Carnegie Mellon and a copy of his Bachelor of Engineering degree in Computer Science and Engineering from Maharshi Dayanand University in India. *Id.*

21. On November 27, 2017, USCIS issued a request for evidence ("RFE"). SG Dec. at 4. In the RFE, USCIS noted that it found that the beneficiary will perform many of the duties of a Computer System Analyst, as listed in the *Occupational Outlook Handbook* ("OOH"). *Id.* USCIS found that Zuora had not established that the position offered to Mr. Gupta was a specialty occupation because it concluded that the OOH indicated that the position of a Computer System Analyst does not require a bachelor's level of education as a normal, minimum for entry into the occupation. *Id*. In addition, USCIS found the evidence submitted in the petition insufficient to demonstrate that the duties of a Senior Technical Consultant requires a specialty occupation's level of knowledge in a specific specialty. Moreover, USCIS found the evidence insufficient to establish that Zuora controls the manner and means of Mr. Gupta's employment and erroneously stated that the petition was filed without an itinerary, as required by regulations, with the dates and locations of the services to be performed by the beneficiary. *Id.*

Complaint                                        6                              Case. No. _____

1  USCIS invited Zuora to provide additional information to establish the position of Senior
2  Technical Consultant is a specialty occupation to demonstrate the existence of a valid employer-
3  employee relationship and to submit an itinerary. *Id.*
4      22. In response, Zuora filed a cover letter and supporting evidence on February 16, 2018. SG
5  Dec. at 5. Zuora provided a letter from its Human Resource Manager, confirming that the
6  minimum educational requirement for the position is a Bachelor of Science degree in Computer
7  Science, Computer Engineering, or a related field, a detailed job description, showing the duties,
8  percentage of time for each duty, and specific technical skills required to successful fulfill each
9  job duty, and various articles noting that a bachelor's degree in a specific specialty is generally
10 required for the position of Computer Systems Analyst, in addition to other documents
11 establishing that a bachelor's degree is normally the minimum requirement for entry into the
12 position and common to the industry. Significantly, Zuora submitted an expert letter from Dr.
13 David M. Bellehsen, Associate Professor and evaluator of foreign credentials in the Computer
14 Systems Technology Department of the New York City College of Technology, analyzing the
15 duties of the position and the academic knowledge required to perform them and confirming that
16 the position of Senior Technical Consultant must have a Bachelor's degree in Computer Science,
17 Computer Engineering, or a related field. *Id.*
18     23. In addition, Zuora provided various documents, including an affidavit from Bhupinder
19 Hayer, Director of Global Services attesting to the fact that Zuora will have sole control over Mr.
20 Gupta's work and will directly supervise him throughout the duration of the H-1B validity, as
21 evidence of pertaining to a valid employer-employee relationship. SG Dec. at 6. Mr. Hayer, who
22 is Mr. Gupta's direct supervisor, confirms that only Zuora will have hiring, firing, and promotion
23 authority over Mr. Gupta. *Id.* He also confirmed that throughout the requested H1-B validity
24 period, Mr. Gupta will spend part of the time working at the Zuora offices located in New York,
25 New York, at the worksite of Zuora Client, S&P Global Inc., located in New York, New York,
26 and at his home office in Jersey City, New Jersey. *Id.*
27     24. Zuora also reiterated the dates and specific addresses at which Mr. Gupta would work, all
28 of which were listed in the initial petition and on the accompanying labor condition application.

Complaint                                        7                        Case. No. _____

Both the letter from Zuora's Human Resource Manager and the affidavit from the Zuora Director who would be supervising Mr. Gupta's work state that Mr. Gupta would work at three locations, namely, the Zuora New York office, his home office, and the S&P Global Inc. client site from September 4, 2017, to August 7, 2020. All three locations are within the same metropolitan statistical area.

25. Subsequently, on March 19, 2018, USCIS issued a decision denying Zuora's H-1B petition on behalf of Mr. Gupta *See* SG Dec. at Exhibit ("Exh.") A. The agency found that Zuora had failed to establish that the position of Senior Technical Consultant was a specialty occupation pursuant to 8 C.F.R. § 214.2(h)(4)(iii)(A). *Id.* at 4-5. The USCIS finding is based on its erroneous premise that Zuora is a consulting agency. *Id.* at 4 ("You are in the business of locating persons with computer related backgrounds and placing these individuals in positions with firms that use computer trained personnel to complete their projects […] the firm needing the computer related backgrounds will determine the job duties to be performed."). The agency therefore found that evidence submitted relating to the proffered position was insufficient to establish the position offered to the beneficiary qualifies as a specifically occupation.

26. In addition, USCIS found that Zuora had not provided an itinerary with the dates for each location of services to be performed by the beneficiary. *See* SG Dec. Exh. A at 2.

### COUNT ONE
**Violation of the Administrative Procedures Act**
**5 U.S.C. § 701, et seq.**

27. Plaintiff re-alleges and incorporated herein by reference, as if fully set forth herein, the allegation in paragraphs 1-26 above.

28. The APA requires this Court to hold unlawful and set aside any agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

29. Here, Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act by denying Zuora's H-1B visa petition on behalf of Mr. Gupta. In denying Zuora's H-1B visa petition, USCIS committed three (3) errors warranting remedy –

USCIS rejected nearly all of the evidence establishing the four alternative possible bases on which the job of Senior Technical Consultant qualifies as a specialty occupation, even though Zuora demonstrated that any one of the four grounds would be sufficient, based on its improper and erroneous finding of Zuora to be a job placement company without considering Zuora's actual business of providing unique software and services to its clients and it found Zuora had not submitted an itinerary. Indeed, such a decision cannot stand in light of evidence presented before the agency, which, when properly analyzed, was more than sufficient to establish the existence of a specialty occupation and a valid itinerary under the applicable standard of proof, preponderance of the evidence. *See Matter of Chawathe*, 25 I&N Dec. 369, 375 (AAO 2010).

30. USCIS acted arbitrarily and capriciously in finding that the evidence submitted was insufficient to establish that the position of Senior Technical Consultant did not qualify as a specialty occupation. USCIS ignored critical evidence in the record, including letters from Zuora's Human Resource Manager and Director of Global Services and an expert report from Dr. David M. Bellehsen confirming that the position of Senior Technical Consultant must have a Bachelor's degree in Computer Science, Computer Engineering, or a related field. Rather, USCIS only reviewed the copy of the master subscription agreement (a software licensing agreement) between Zuora and McGraw Hill Financial, Inc., the contract for the provision of software implementation services for Zuora client S&P Global Inc., the client for which Mr. Gupta would be responsible for ensuring smooth implementation of the Zuora for Salesforce software. Significantly, USCIS erroneously limited its review to this one document based on its improper finding that Zuora is a consulting firm. *See* SG Dec. Exh. A at 4 ("You are in the business of locating persons with computer related backgrounds and placing these individuals in positions with firms that use computer trained personnel to complete their projects […] the firm needing the computer related backgrounds will determine the job duties to be performed.").

31. However, USCIS finding that Zuora is a consulting firm is contrary to APA in light of the evidence presented to the agency. Zuora submitted substantial evidence demonstrating that Zuora is not a consulting firm, but a leading company in the subscription economy that provides its clients with proprietary SaaS platform that automates all subscription order-to-cash operations in

1 real time for any business. USCIS may not ignore relevant evidence in determining whether
2 Zuora is a consulting firm or if the position is a specialty occupation. Such an error is contrary to
3 law and must be remedied.
4   32. Moreover, USCIS' finding that Zuora failed to submit an itinerary is without merit. *See*
5 SG Dec. Exh. A at 2 (stating that Zuora "did not submit a complete itinerary of services with the
6 specific dates for each location"). However, Zuora did include a description of the dates and
7 specific addresses for the three locations where the services were to be performed by Mr. Gupta.
8 Such a failure to properly apply the law and disregarding critical evidence is contrary to the
9 APA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that this Court grant the following relief:

(1) Accept jurisdiction over this action;

(2) Reverse the USCIS decision and grant Plaintiff's I-129 petition on behalf of Mr. Gupta;

(3) Grant reasonable attorneys' fees and costs as provided under the Equal Access to Justice Act and the APA;

(4) Grant such further relief as the Court deems just and proper.

Dated: March 29, 2018                   Respectfully submitted,
                                        s/Stacey Gartland
                                        Stacey Gartland
                                        Zachary Nightingale
                                        Kelsey Morales
                                        Attorneys for Plaintiff